UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

DEMECKA HARRIS, SHARON RICHBURG,     Index No:1:090-cv-03474 (KAM)(CLP)
AND KENDALL RICHBURG

                       Plaintiffs,         **AMENDED COMPLAINT**

      -against-

THE CITY OF NEW YORK, POLICE OFFICER        **JURY TRIAL DEMANDED**
HARANLAL BRIJBUKHAN AND SERGEANT
MICHAEL WHITE,

                       Defendants.

----------------------------------------------------------------x

      Plaintiffs, Damecka Harris, Sharon Richburg, and Kendall Richburg, by their attorneys, Ofodile & Associates, P.C., complaining of the Defendants – the City of New York (hereinafter also referred to as "City"), Police Officer Haranlal Brijbukhan and Sergeant Michael White, upon information and belief, alleges as follows:

### NATURE OF ACTION

      1.     This is an action for false arrest, false imprisonment and malicious prosecution, malicious destruction of property, and excessive use of force against City of New York and its agents at New York Police Department that caused Plaintiffs loss of freedom, significant financial loss, as well as emotional and mental distress.

1

2.      This is also an action to redress the pain and suffering and psychological injuries sustained by Plaintiffs as a result of the intentional, malicious, careless, and negligent acts of the City of New York, and some of its Police Officers.

## JURISDICTION AND VENUE

3.      Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Constitution, and by 42 U.S.C. § 1983.

4.      Venue is proper because the events complained of occurred in the County of Queens, which is in the Eastern District of New York.

## PARTIES

5.      During all times relevant and material to this Complaint, Plaintiff Damecka Harris was a citizen of the United States residing in Queens County, New York, within the jurisdiction of this Court.

6.      During all times relevant and material to this Complaint, Plaintiff SharonRichburg was a citizen of the United States residing in Queens County, New York, within the jurisdiction of this Court.

7.      During all times relevant and material to this Complaint, Plaintiff Kendall Richburg was a citizen of the United States residing in Queens County, New York, within the jurisdiction of this Court.

8.      During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

9.      During all times relevant and material to this case, Defendants, Police Officer Haranlal BrijBukhan and Sergeant Michael White were employed by Defendant City of New York through its Police Department.

10.     During all times relevant and material to this case, Defendants Police Officers John Does 1-15, were employed by Defendant City of New York through its Police Department.

11.      During all times relevant and material to this case, the actions of Defendant Police Officers, Haranlal Brijbukhan and Michael White complained of herein were done as part of the custom, practice, usage, regulation, and/or direction of Defendant City of New York, and Defendant City is as such responsible for the actions of these individual Defendants.

12.     During all times relevant and material to this case, Defendants Police Officers Haranlal Brijbukhan and Sergeant Michael White were acting as employees/agents of Defendant City of New York, and therefore Defendant City of New York is responsible for the actions of

3

Defendants Police Officers and each of them under the principal-agent/*respondeat superior* theory and the City is responsible for their actions under the common law and under Article 1 § 12 of the New York State Constitution.


## FULFILLMENT OF ADMINISTRATIVE PREREQUISITES

13.    All conditions precedent for the filing of this action have been complied with: a written Notice of Claim, sworn to by Plaintiff, was served upon Defendant City of New York on or about August 20, 2008, to the person designated by law as one to whom a summons against Defendant City of New York may be delivered in an action in the Supreme Court, and was given Claim Numbers (2008PI020082, 2008PI020083, 2008PI020084).


14.    At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the Claim has been neglected or refused.


## FACTS COMMON TO ALL CAUSES OF ACTION

15.    This action arose out of the incidents that occurred on or about July 23rd, 2008 at 523 Beach 67h Street, Queens N.Y. 11692 in the County of Queens.


16.    On July 23rd, 2008, Plaintiffs Kendall Richburg, Damecka Harris, and Sharon Richburg were all arrested by Officer Haranlal Brijbukhan and Michael White while outside their premises when they were on their way to work and were all violently thrown to the ground.

4

17.     Defendant Police Officers then asked Plaintiff Kendall Richburg to put his hands behind his back, to which he obliged and he was then handcuffed. Defendant Officer Brijbukhan then violently pistol whipped Plaintiff Mr. Richburg, two times - once directly in the face causing lacerations above his right eye and swelling over the right side of his face and eye.  He then viciously punched Mr. Richburg five times on his head and body.

18.     Defendant police officers then told Plaintiff Mrs. Richburg (Sharon) that she was being arrested for bailing her son out every time he was arrested.  Immediately afterwards, Defendants arrested Ms. Harris for crying while witnessing her boyfriend (Kendall) being beaten by the officers and telling the officers that there was no need for their violence against Mr. Richburg and that Mr. Richburg had done nothing to merit the arrest or the beating.

19.     After violently assaulting and arresting Plaintiffs, Defendant Officers entered Ms. Richburg's apartment and ransacked same and damaged the property by breaking walls, and turning things upside down. The officers found no drugs or money in the house nor on the Plaintiffs.  In fact Defendant officers never searched Ms. Richburg or Ms. Harris.  However despite not finding any drugs or money on Plaintiffs, defendants charged both Ms. Harris and Ms. Richburg with obstruction of justice.  They originally charged Mr. Richburg with possession of drug paraphernalia which they later changed to drug possession in the 7th degree.

20.     Defendant Officer Brijbukhan had previously arrested Plaintiff Mr. Richburg on a bogus gun charge, which Plaintiff had spent eight months incarcerated before the case was thrown out of court.  Mr. Richburg had filed a complaint against Officer Brijbukhan and the claim is still pending.  During the incident being complained of in this present complaint, Officer Brijbukhan told Plaintiff to call his lawyer and complain again. Officer Brijbukhan then told Kendall Richburg that he had a gun, he must have a gun and he should produce his gun to him.

21.     Upon information and belief, though there was a warrant to search the Plaintiffs' house in connection with a reported ongoing investigation concerning Kendall Richburg, the warrant only authorized the seizure of financial records and ledgers associated with the alleged drug transaction in which officers alleged that Plaintiff Kendall Richburg's friend sold drugs to undercover officers in Brooklyn and that Plaintiff Kendall Richburg may be involved and financial records relating to the said drug business could be located in the house in Far Rockaway, New York, where Mr Richburg then resided.

22.     The warrant giving the officers authority to search for financial records in relation to the said on-going investigation did not direct or authorize the arrest of anyone associated with the said records (if such records were indeed found) and no financial records relating to drug transactions were ever found as far as Plaintiffs knew or are aware of and Plaintiffs were arrested without reasonable cause and the charges against them were malicious as they committed no crimes, they were arrested outside of their homes, no drugs or contraband were found on them on that day, and the warrant did not authorize or permit their arrests and Plaintiffs have all been

damaged as a result.

23.     Because Plaintiffs had already all been arrested (outside their home) before the execution of the warrant and, even if the warrant had authorized the arrest of any of Plaintiffs if found to be in possession of contraband, (which it did not), such warrant could not be legally used to, *es post facto,* justify the illegal arrest of Plaintiffs which had taken place before the officers entered their home to search for objects listed in the warrant.

24.     Miss Harris spent three days incarcerated before all charges against her were dismissed on the merits and she lost the first job she ever held as a result of the arrest and incarceration. Miss Richburg spent about five days incarcerated before making bail and spent and more than two years going to court and the prosecution was never ready to try the case, and on each occasion she was asked to accept ACD and because the prosecution would not dismiss the case or try it and, they were waiting for Ms. Richburg to miss a court date to get a warrant to arrest her again, Plaintiff Sharon Richburg eventually felt constrained to accept the ACD in order to move on with her life.

25.     As the direct consequence and result of the acts of defendants herein above complained of, plaintiffs were deprived of liberty for a substantial period of time, suffered severe physical, mental and emotional distress, were unable to attend the duties of their employment, and sustained damages for loss of earnings during that period.

26.    The acts, conduct, and behavior of defendants, and each of them, were performed knowingly, intentionally, and maliciously, by reason of which plaintiffs are entitled to an award of punitive damages.

## AS FOR A FIRST CAUSE OF ACTION

27.    Plaintiffs repeat and reallege paragraphs 1 through 26 as if each paragraph is repeated verbatim herein.

28.    Plaintiffs were arrested and imprisoned without probable cause in violation of their rights not be arrested without probable cause as guaranteed to them by the 4th and 14th amendments and by 42 U.S.C § 1983.

## AS FOR A SECOND CAUSE OF ACTION

29.    Plaintiffs repeat and reallege paragraphs 1 through 28 as if each paragraph is repeated verbatim herein.

30.    Plaintiffs were falsely arrested and imprisoned when they were arrested in front of their home, before the search warrant was executed, and when the search warrant did not permit or authorize their arrests and when the search warrant did not even authorize the search for drugs as there was no information that drugs were stored or would be found at the premises. The said arrests violated Plaintiff's rights not be subjected to unreasonable seizure protected by Article 1 § 12 of the New York State Constitution.

## AS FOR A THIRD CAUSE OF ACTION

31.     Plaintiffs repeat and reallege paragraphs 1 through 30 as if each paragraph is repeated verbatim herein.

32.     Plaintiffs and each of them were arrested without reasonable cause in violation of their common law rights not to be arrested without reasonable cause.

## AS FOR A FOURTH CAUSE OF ACTION

33.     Plaintiffs repeats and realleges paragraphs 1 through 32 as if each paragraph is repeated verbatim herein.

34.     Plaintiff Ms. Harris was charged with and prosecuted for obstruction of justice/governmental proceedings and was maliciously prosecuted for same and the charges were eventually dismissed in her favor. By so prosecuting her without probable cause to believe that the charges would be successfully prosecuted, Defendants violated her rights not to be maliciously prosecuted protected by the 4th and 14th Amendments and enforceable through 42 U.S.C. § 1983.

## AS FOR A FIFTH CAUSE OF ACTION

35.     Plaintiffs repeat and reallege paragraphs 1 through 34 as if each paragraph is repeated verbatim herein.

36.    Plaintiffs Ms. Harris was charged with and prosecuted for obstruction of justice/governmental proceedings and the charges were eventually dismissed in her favor. By so charging and prosecuting Plaintiff Harris, Defendants violated her common law right not be maliciously prosecuted and have caused her damages.

## AS FOR A SIXTH CAUSE OF ACTION

37.    Plaintiffs repeat and reallege paragraphs 1 through 36 as if each paragraph is repeated verbatim herein.

38.    Defendants maliciously destroyed Plaintiffs Mr. Harris' and Ms. Harris' property in violation of the common law.

## AS FOR A SEVENTH CAUSE OF ACTION

39.    Plaintiffs repeat and reallege paragraphs 1 through  38 as if each paragraph is repeated verbatim herein.

40.    Defendants in violently throwing Plaintiffs and each of them to the ground and in violently attacking Mr. Richburg used excessive force in violation of plaintiffs' constitutional rights to be free from unreasonable, unnecessary, and wanton use of force guaranteed to them by 4th and 14th amendment and 42 U.S.C. § 1983.

## AS FOR A EIGHTH CAUSE OF ACTION

41.    Plaintiffs repeat and reallege paragraphs 1 through 42 as if each paragraph is repeated verbatim herein.


42.    Defendant Police Officer Haranlal BrijBukhan, in pistol whipping and punching Mr. Richburg assaulted Plaintiff Richburg in violation of common law.


## AS FOR A NINTH CAUSE OF ACTION

43.    Plaintiffs repeat and reallege paragraphs 1 through 42 as if each paragraph is repeated verbatim herein.


44.    The violations of Plaintiff's constitutional rights and of Federal Law as herein above enumerated by Defendants Police Officers and each of them, were carried out under the following policies, customs, and practices of Defendant City of New York:

i.    Failure to establish, publish, and instill in New York City Police Officers the practical meaning of probable cause or reasonable cause for arresting a citizen or charging a citizen with a crime so that officers would not detain, arrest, and/or charge citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause;

ii.    De-emphasizing the importance of an arrest warrant issued by a Judge or Magistrate, which would act as a buffer between the citizenry and the Police, and encouraging the Police under the aggressive policing policy of the Giuliani and Bloomberg administrations to arrest first and ask questions later;

11

iii.    Failing to establish, publish, and instill in New York City Police Officers guidelines for when using force against a civilian is necessary and how much force is necessary;

iv.    De-emphasizing the importance of a search warrant issued by a Judge or Magistrate, which would act as a buffer between the citizenry and the Police, and not disciplining Police Officers who search private residences without a search warrant or consent from the people who live there;

v.    Failing to take proper corrective and punitive actions against overreaching police officers and creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

45.    Under 42 U.S.C. § 1983, Defendant City of New York is jointly and severally liable with Defendants Police Officers and each of them for the general and specific damages Plaintiff sustained, as well as for the attorneys' fees and the costs and disbursements of the action.

### AND AS FOR A T ENTH CAUSE OF ACTION

46.    Plaintiffs repeat and reallege paragraphs 1 through 45 as if each paragraph is repeated verbatim herein.

47.    In violation of Mr. Richburg's First Amendment Right and 5th and Sixth Amendment rights to seek redress in the Courts for violation of his constitutional and civil rights, Ms. Richburg's rights to defend her child from criminal accusations leveled against him by the individual defendants, Ms. Harris' right to protest police abuse of power and authority and

question their assault on Mr. Richburg,  the individual defendants retaliated against Plaintiffs by destroying their properties, arresting them, brutalizing them and instituting criminal prosecutions against Ms. Richburg and Ms. Harris.

## AS FOR AN ELEVENTH  CAUSE OF ACTION

48.     Plaintiffs repeat and reallege paragraphs 1 through 47 as if each paragraph is repeated verbatim herein.

49.     Defendants Police Officers Haranlal Brijbukhan, and John Does 1-15 were acting as agents of Defendant City of New York (through its Police Department) when they violated Plaintiffs, constitutional, statutory and common law rights.  Therefore, under the common law principal agent/*respondeat superior* rule, Defendant City of New York is jointly and severally liable with Defendants Police Officers Haranlal Brijbukhan, and John Does 1-15 for the general and specific damages Plaintiff sustained as well as for the costs and disbursements of the action.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows:

**For each of the constitutional and statutory violations herein above complained of:**

i.      general and compensatory damages in an amount that would adequately compensate Plaintiff and each of them for the violation of their rights and for their physical, emotional, and mental distress – against all Defendants, jointly and severally;

ii.     specific damages in the amount that it cost Plaintiffs to defend themselves in

Court as a result of Defendants' actions – against all Defendants, jointly and severally;

iii.    specific damages for the income that they lost as a result of Defendants' actions – against all Defendants, jointly and severally;

iv.    punitive damages in an amount sufficient to punish Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

v.    attorneys' fees and the costs and disbursements of this action – against all Defendants, jointly and severally; and

vi.    such other relief as the court deems just and proper.

**For each of the common law and statutory violations herein above complained of:**

i.    general and compensatory damages in an amount that would adequately compensate Plaintiffs and each of them for the violation of their rights and for their physical, emotional and mental distress – against all Defendants, jointly and severally;

ii.    specific damages in the amount that it cost Plaintiffs to defend themselves in Court as a result of Defendants' actions – against all Defendants, jointly and severally;

iii.    specific damages for the income that he lost as a result of Defendants' actions – against all Defendants, jointly and severally;

iv.    punitive damages in an amount sufficient to punish Defendants and deter others like them from repeating such unlawful conduct – against the individual

14

Defendants, jointly and severally;

v.       the costs and disbursements of this action; and

vi.      such other relief as the court deems just and proper.


Dated:  Brooklyn, New York
         May 25,  2012


                              OFODILE & ASSOCIATES, P.C.
                              Attorneys for Plaintiffs

                              By:   S/B_____
                              ANTHONY C. OFODILE, ESQ. (AO-8295)
                              498 Atlantic Ave.
                              Brooklyn, NY 11217
                              Tel. No.:  (718) 852-8300

15