UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DEMECKA HARRIS, et al.,

                            Plaintiffs,          **ORDER**

        - against -                              09 CV 3474 (KAM)

CITY OF NEW YORK, et al.,

                            Defendants.
--------------------------------------------------------X

        On August 10, 2009, plaintiffs Demecka Harris, Sharon Richburg, and Kendall Richburg

filed this action against the City of New York, Police Officer Haranlal Brijbukhan, and Sergeant

Michael White, pursuant to 42 U.S.C. § 1983, seeking damages for false arrest, false

imprisonment, malicious prosecution, malicious destruction of property, and excessive force.

(Compl.[1] ¶ 1).

        Currently before the Court is defendants' motion to compel plaintiffs to produce

outstanding discovery and disclosures.


                            DISCUSSION

        On March 3, 2012, the Court held a conference in this case, at which time a schedule was

set for motions relating to discovery. By letter dated May 22, 2012, defendants move to compel

plaintiffs to produce certain discovery. To date, plaintiffs have failed to respond to defendants'

motion. The Court now addresses each of defendants' claims in turn.

_____

[1]Citations to "Compl." refer to plaintiffs' Complaint, filed August 10, 2009.

                                    1

A. Initial Disclosures

Defendants complain that plaintiffs have failed to produce their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Defendants represent that they have made numerous attempts to meet and confer and, despite assurances that the initial disclosures would be provided, plaintiffs have failed to produce them. (Defs.' 5/22 Ltr. at 3).

Plaintiffs are Ordered to produce their initial disclosures by **July 16, 2012**.

B. Evidence of Economic Damages and Tax Returns

Defendants complain that plaintiffs have not responded adequately to defendants' interrogatories and documents requests related to plaintiffs' alleged economic injury. Defendants' Interrogatory Request No. 5 and Document Request Nos. 5 and 9 ask plaintiffs to: (1) identify all economic injuries claimed as a result of the incident, including but not limited to expenditures for medical, psychiatric, or psychological treatment; lost income; property damage; and attorney's fees; (2) identify the specific amounts claimed for each injury; (3) produce all documentation of damages that plaintiffs allege stem from the incident, including but not limited to expenditures for medical, psychiatric, or psychological treatment; lost income; property damage; and attorney's fees; and (4) produce federal and state income tax returns filed since the incident and for the five years prior to the incident if plaintiff is claiming lost income. (Id. at 4).

According to defendants, counsel for plaintiffs indicated that plaintiff Harris lost her job as a result of the incident and that plaintiff Sharon Richburg missed days of work because of the incident. (Id.) In addition, all three plaintiffs contend that they were "unable to attend the duties of their employment, and sustained damages for loss of earnings. . ." as a result of the incident.

2

(Compl. ¶ 23). Defendants argue that records of plaintiffs' economic injuries, including lost income demonstrated by income returns, are relevant to any economic damages plaintiffs claim. (Defs.' 5/22 Ltr. at 4).

The Court hereby Orders plaintiffs to provide a statement of economic injuries in response to Interrogatory No. 5 and supporting documentation or, if plaintiffs are no longer seeking damages for alleged economic injury, a statement indicating that they do not claim lost income or medical expenses as a result of the incident by **July 16, 2012**. As defendants have not demonstrated a need for plaintiffs' tax returns, the Court denies their motion to compel production of the returns at this time.

## C. Employment Records

Defendants claim that plaintiffs have not sufficiently responded to defendants' discovery requests relating to plaintiffs' employment history. Defendants' Interrogatory Request No. 6 and Document Request No. 13 ask plaintiffs to: (1) identify all of plaintiffs' employers for the past ten years, including the name, telephone number, and address for each employer, and dates of employment; and (2) complete authorizations for the release of employment records for each of plaintiffs' employers for the past ten years. In addition, Document Request 14 asks plaintiffs to complete authorizations for the release of plaintiffs' unemployment records. (Id. at 4).

According to defendants, plaintiffs Demecka Harris and Sharon Richburg each provided one employment release for their employers from the date of the incident. (Id.) Defendants argue that each of the three plaintiffs' entire employment history is relevant to the issue of psychological damages because plaintiffs claim "severe . . . emotional distress" as a result of the

3

incident.  (Id. at 4 (citing Compl. ¶ 23)).

Plaintiffs are Ordered to supplement their responses and answer Interrogatory Request No. 6 as drafted, and also to provide the requested authorizations by **July 16, 2012**.

## D. Discovery Pertaining to Plaintiffs' Criminal History

Defendants' Interrogatory No. 13 and Document Request No. 12 ask plaintiffs to:  (1) identify each occasion on which plaintiffs have been arrested other than the incident that is the subject of this lawsuit, including the date of the arrest, the charges for which the plaintiffs were arrested, and the amount of time that plaintiffs spent incarcerated; and (2) complete authorizations for access to plaintiffs' records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50, 160.55.  According to defendants, plaintiffs objected to Interrogatory No. 13 in its entirety and responded to Document Request No. 12 by stating that they already provided these authorizations.  (Id. at 5).  Defendants claim that when they met with plaintiffs and requested the authorizations, plaintiffs refused to provide them.  (Id.)  Accordingly, defendants request an order compelling plaintiffs to execute these authorizations.

### 1. Legal Standard

Under C.P.L. § 160.50, records relating to an "action [that] has been terminated in favor of the accused . . . shall be sealed."  C.P.L. § 160.50(1).  These records include "all official records and papers, including judgments and orders of a court but not including published court decisions or opinions or records and briefs on appeal, relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services,

4

any court, policy agency, or prosecutor's office" and shall "not [be] made available to any person or public or private agency." C.P.L. § 160.50(1)(c). However, the statute designates exceptional circumstances in which these records may be unsealed. See C.P.L. § 160.50(1)(d). Specifically, these records "shall be made available to . . . a law enforcement agency upon ex parte motion in any superior court, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it," along with other exceptions not germane to the present case. C.P.L. § 160.50(1)(d)(ii).

The statute is designed to "balance[] the rights of a former defendant to restrict and obtain access to official records and papers in favorably terminated criminal proceedings" by "requiring sealing in a wide variety of contexts and providing for the disclosure of sealed files in only limited circumstances." Harper v. Angiolillo, 89 N.Y.2d 761, 767, 658 N.Y.S.2d 229, 232, 680 N.E.2d 602, 605 (1997). These confidentiality measures enable a former defendant to "avoid the stigma" associated with an arrest and prosecution. Taylor v. N.Y.C. Transit Auth., 131 A.D.2d 460, 461, 516 N.Y.S.2d 237, 239 (2d Dep't 1987). In this way, the former accused may "pursue employment, education, professional licensing and insurance opportunities untainted" and unimpeded by former, unsubstantiated criminal prosecution. Harper v. Angiolillo, 89 N.Y.2d at 766, 658 N.Y.S.2d at 232, 680 N.E.2d at 605 (citing People v. Patterson, 78 N.Y.2d 711, 716, 579 N.Y.S.2d 617, 619, 587 N.E.2d 255, 257 (1991)). This confidentiality privilege "is intended to protect the accused," and "may not be used by him as a sword to gain an advantage in a civil action." Taylor v. N.Y.C. Transit Auth., 131 A.D.2d at 461, 516 N.Y.S.2d at 239.

Thus, courts have held that if a former defendant "'puts into issue in a civil action elements common both to the civil action and to a [former] criminal prosecution, that party

5

waives the privilege conferred'" by the statute. Id. (quoting Lundell v. Ford Motor Co., 120 A.D.2d 575, 576, 502 N.Y.S.2d 63, 64 (2d Dep't 1986) (citing Gebbie v. Gertz Div. of Allied Stores, 94 A.D.2d 165, 168, 463 N.Y.S.2d 482, 485-86 (2d Dep't 1983))). In these circumstances, the defendant is entitled to discover plaintiff's sealed records if the court finds that the "material concerning the arrest and prosecution" is "clearly relevant to the issues raised" by the plaintiff's civil cause of action. Taylor v. N.Y.C. Transit Auth., 131 A.D.2d at 461, 516 N.Y.S.2d at 239. In Kalogris v. Roberts, the court held that the plaintiff's commencement of an action to "recover damages for malicious prosecution after she was acquitted on [the initial] charges" constitutes a forfeiture of the confidentiality privilege by placing the sealed facts at issue. 185 A.D.2d 335, 335, 586 N.Y.S.2d 806, 807 (2d Dep't 1992); see also Wright v. Snow, 175 A.D.2d 451, 452, 572 N.Y.S.2d 503, 504 (3d Dep't 1991). Thus, courts have an "inherent power to make sealed records available" under special circumstances. Hynes v. Karassik, 47 N.Y.2d 659, 664, 419 N.Y.S.2d 942, 945 (1979).

Sealed records are made available under the premise that "a party who voluntarily initiates a civil action . . . dredges up the issues" protected under C.P.L. § 160.50. Green v. Montgomery, 219 F.3d 52, 57 (2d Cir. 2000). These issues must be relevant to the pending civil action and "vital to the defense of the claim." Iazetta v. State of New York, 105 Misc.2d 687, 688 (N.Y. Ct. Cl. 1980). Ultimately, the defendant should not be placed "in an unjust and nondefensible litigation posture." Id. Confidentiality rules should never be permitted to "frustrate the important federal interests in broad discovery and truth-seeking" procedures. King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988); see also Lehman v. Kornblau, 206 F.R.D. 345, 348 (E.D.N.Y. 2001) (quoting Cruz v. Kennedy, No. 97 CV 4001, 1997 WL 839483, at *1

6

(S.D.N.Y. Dec. 19, 1997)).

Courts have held that information regarding past convictions is "relevant to the extent plaintiff seeks to recover damages for emotional distress." Green v. Baca, 226 F.R.D. 624, 656 (C.D. Cal. 2005). Specifically, "a person who has previously been incarcerated may suffer less damage as a result of a subsequent wrongful incarceration" than a person incarcerated for the first time. Id. at 657 (citing Ford v. Wells, 347 F. Supp. 1026, 1030 (E.D. Tenn. 1972)); see also Bryan v. Jones, 519 F.2d 44, 46 (5th Cir. 1975); Alamo Downs, Inc. v. Briggs, 106 S.W.2d 733, 738-39 (Tex. Civ. App. 1937)).

Courts in this Circuit have reached similar conclusions. In Schiller v. City of New York, the court held that prior arrest records are relevant to the assessment of damages notwithstanding their admissibility at trial: "[t]he City correctly points out that 'documents detailing [plaintiff's] prior arrest experiences, previous arrest processing, and criminal court proceedings are relevant to refute [his] claims regarding the cause and extent of emotional distress damages attributable'" to the arrest and confinement at issue. Nos. 04 CV 7922, 04 CV 7921, 05 CV 8453, 2006 WL 3592547, at *8 (S.D.N.Y. Dec. 7, 2006). The court ultimately compelled release of the sealed arrest records, even for arrests that occurred out-of-state and/or did not result in a conviction or incarceration. Id. at *3, *8. The court in Fryar v. City of New York also found that "there is no colorable argument for refusing to give defendants a release so that they can obtain the records of [plaintiff's] 19 prior arrests . . . [as] [t]hese documents have obvious potential relevance both as to credibility and damages." No. 10 CV 5879, slip. op. at *1 (E.D.N.Y. May 4, 2011). While the court refused to rule "on how much, if anything" about the prior arrests should be disclosed to the jury, it ultimately determined that "the information surrounding [the arrests] is not going to

7

be hidden from defendants." Id. at *2. In Ramos v. County of Suffolk, the court "ruled that the fact of [a prior] arrest [i]s admissible because it affect[s] the plaintiff's claim for emotional distress damages." 707 F. Supp. 2d 421, 424 (E.D.N.Y. 2010) (emphasis in original). At the same time, however, the court held that the reasons behind this prior arrest must remain confidential. Id.

### 2. Analysis

Here, plaintiffs are claiming that they suffered "severe . . . emotional distress" as a result of their arrest, and defendants contend that "any of plaintiffs' criminal history is likely to be admissible at trial to mitigate or controvert damages." (Defs.' 5/22 Ltr. at 5 (citing Udemba v. Nicoli, 237 F.3d 8, 12 (1st Cir. 2001)). Defendants argue that, at the very least, "information relating to a plaintiff's prior and subsequent arrests including arrest records is relevant for purposes of discovery" pursuant to Federal Rule of Civil Procedure 26(b). Id.

A plaintiff who has previously been incarcerated "may suffer less damage as a result of a subsequent wrongful incarceration." Green v. Baca, 226 F.R.D. at 657 (citing Ford v. Wells, 347 F. Supp. at 1030). Thus, details of plaintiffs' prior arrests may be relevant to assessing their emotional injuries in the pending litigation. As plaintiffs have completely failed to respond to defendants' motion to compel and given the broad range of discovery and the relevance of these records to plaintiffs' damages claims, the Court Orders plaintiffs to produce authorizations for all prior arrest records. Whether any of these records ultimately are admitted at trial will be left for the trial judge to determine.

8

## E. Other Outstanding Discovery

According to defendants, counsel for plaintiffs agreed to provide certain outstanding discovery by May 25, 2012 when the parties met and conferred regarding deficiencies in plaintiffs' discovery responses. Specifically, plaintiffs agreed to supplement their responses to include the following: (1) a statement indicating that none of the plaintiffs had applied for workers' compensation in the past five years; (2) a statement indicating that none of the plaintiffs have applied for social security disability benefits in the past ten years; (3) each lawsuit to which plaintiffs have been a party, including the court in which the matter was pending, the docket or index number, and the disposition in the matter; and (4) any documentation related to plaintiffs' claim of property damage to their apartment, including any documentation and/or original purchase receipts related to plaintiff Harris's claim that her phone was taken from her and never returned. (Id. at 6-7).

To the extent that plaintiffs have failed to provide this discovery by the parties' agreed-upon deadline of May 25, 2012, the Court Orders plaintiffs to provide the agreed-upon discovery by **July 16, 2012.**

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing ("ECF") system or by mail.

## SO ORDERED.

Dated: Brooklyn, New York
July 7, 2012

Cheryl L. Pollak
United States Magistrate Judge

9