UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
DEMECKA HARRIS, SHARON RICHBURG,
AND KENDALL RICHBURG

                Plaintiffs,

       -against-

THE CITY OF NEW YORK; POLICE
OFFICER HARANLAL BRIJBUKHAN
AND SERGEANT MICHAEL WHITE

                Defendants.
---------------------------------X

**MEMORANDUM AND ORDER**

09-CV-3474 (KAM)

**MATSUMOTO, United States District Judge:**

        On May 25, 2012, Demecka Harris ("Ms. Harris"), Sharon
Richburg ("Mrs. Richburg"), and Kendall Richburg ("Mr.
Richburg") (collectively, "plaintiffs") filed an amended
complaint in this action against the City of New York ("City")
and individual defendants Police Officer Haranlal Brijbukhan,[1]
and Sergeant Michael White (collectively, "defendants") pursuant
to 42 U.S.C. § 1983 ("section 1983") and New York law. (ECF No.
20, Amended Complaint ("Am. Compl."), 5/25/2012.) Plaintiffs
alleged claims of false arrest, false imprisonment, malicious
prosecution, malicious destruction of property, and excessive
use of force. (*Id.* ¶¶ 1, 47.)

---

[1] The Amended Complaint identifies Officer Brijbukhan's first name as Haranlal
but counsel for defendants has consistently identified him as "Karanlall."
For the purposes of this memorandum and order, Officer Brijbukhan will be
identified as "Officer Brijbukhan."

Defendants' partial motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) is pending before the court.  (ECF Nos. 31-37, 1/23/13.) Defendants argue that (i) plaintiff Kendall Richburg's false arrest claim should be dismissed because he pled guilty to attempted criminal sale of a controlled substance in the third degree as a result of his arrest, for, *inter alia*, criminal sale of a controlled substance in the third degree, (ii) plaintiff Kendall Richburg's denial of access to courts claim should be dismissed for failing to identify an underlying claim that he lost, and (iii) plaintiff Demecka Harris's federal claim for malicious prosecution under section 1983 should be dismissed because she cannot show a sufficient post-arraignment liberty restraint that violated her Fourth Amendment rights.  (ECF No. 33, Memorandum in Support of Defendants' Partial Motion to Dismiss the Amended Complaint ("Mem."), 1/23/13.)[2]  After reviewing the parties' submissions and relevant case law, defendants' partial motion to dismiss these outstanding claims is granted for the reasons provided below.

---

[2] Defendants also argued that plaintiffs fail to state a claim under section 1983 against City, (Mem. at 10-11), and plaintiffs withdrew this claim in their Memorandum in Opposition to the Partial Motion to Dismiss (ECF No. 34, Memorandum in Opposition re: Fully Briefed Motion to Dismiss, 1/23/13 ("Opp.") at 9.)  Thus, plaintiffs' claim is dismissed.

## BACKGROUND

I.    **Procedural Background**

        Plaintiffs commenced this action by filing suit on
August 10, 2009, against City, Officer Brijbukhan, and
unidentified police officers of the New York City Police
Department ("NYPD") identified as John Does 1-15.  (ECF No. 1,
Complaint, 8/10/2009.)  On September 15, 2009, defendants moved
to stay the case until the state criminal proceeding against Mr.
Richburg stemming from his arrest on July 23, 2008, was
resolved.  (ECF No. 3, Motion to Stay the Case Until the
Resolution of the Pending Criminal Court Proceeding, 9/15/2009.)
The court granted the stay.  (Order Granting Motion to Stay,
9/17/2009).  The proceedings were then repeatedly stayed to
allow the state criminal proceeding against Mr. Richburg to
progress, and the stay was eventually lifted on July 20, 2011.
(ECF No. 9, Minute Entry for Proceedings held before then-
Magistrate Judge Andrew L. Carter, Jr., 7/20/2011; Order Lifting
Stay (noting stay lifted at 7/20/2011 conference), 10/17/2011.)
Plaintiffs filed the Amended Complaint on May 25, 2012.  (Am.
Compl.)

        The parties submitted a joint status report informing
the court on the status of settlement discussions and providing
a proposed briefing schedule for a motion to dismiss on August
28, 2012.  (ECF No. 24, Status Report, 8/28/2012.)  The court

subsequently established a briefing schedule for defendants to file a motion to dismiss and granted extensions to the briefing schedule on October 1, 2012, November 5, 2012, December 26, 2012, and January 16, 2012.  (Order re: Joint Status Report, 8/29/2012; Orders granting Extension of Time to File dated 10/1/2012, 11/5/2012, 12/26/2012, and 1/16/2012.)

The fully briefed motion to dismiss, opposition, and reply were filed on January 23, 2013.  (ECF Nos. 31-37.)

## II.  Factual Background

### A.  Judicial Notice of Documents

In deciding a motion to dismiss, the court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  *LaFaro v. New York Cardiothoracic Group, PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (internal quotation and citation omitted).  Still, the court is "not bound to accept as true legal conclusions couched as factual allegations."  *Id.* at 475-76.  "It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)."  *Vasquez v. City of New York*, No. 99 Civ. 4606, 2000 U.S. Dist. LEXIS 8887, at *2 n.1 (S.D.N.Y. June 28, 2000) (internal quotation and citation omitted); *see also* Fed. R. Evid. 201(b).  "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial

4

court's territorial jurisdiction; or (2) can be accurately and readily determined by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  It is well established that this court can take judicial notice of arrest reports and certificates of disposition, *see Wingate v. Deas*, No. 11-CV-1000, 2012 U.S. Dist. LEXIS 47831, at *2 n.1 (E.D.N.Y. Apr. 2, 2012), arraignments, *see Parker v. City of New York*, No. 11-cv-910, 2010 U.S. Dist. LEXIS 41415, at *8 n.2 (E.D.N.Y. Apr. 21, 2010), and criminal complaints and indictments, *see Garcia-Garcia v. City of New York*, No. 12 Civ. 1302, 2013 U.S. Dist. LEXIS 104444, at *3 n.1 (S.D.N.Y. July 22, 2013) (internal quotation and citation omitted).  Also, a "court may take judicial notice of a document filed in another court – not for the truth of the matter asserted in the other litigation, but rather to establish the fact of such litigation and related filings."  *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998).  Therefore, for purposes of this motion, the court assumes as true the facts from the Amended Complaint.  The court further resorts to the arrest report, certificate of disposition, arraignment records, criminal court complaint, and indictment for the dates, charged counts, case numbers, and other information relevant to the filing and disposition of charges.

### B.    The Arrest

On July 23, 2008, plaintiffs were arrested by Officer
Brijbukhan and Sergeant White outside 523 Beach 67th Street in
Queens.  (Am. Compl. ¶¶ 15-16.)  Plaintiffs allege that,
although the police had a search warrant, (*id.* ¶ 21), they did
not find any drugs or money in the house or on any of the
plaintiffs, Mr. Richburg was charged with possession of drug
paraphernalia, which was "later changed to drug possession in
the 7th degree," and Ms. Harris and Mrs. Richburg were charged
with obstruction of justice, (*id.* ¶ 19).  At the time of his
arrest, Mr. Richburg had filed a complaint against Officer
Brijbukhan concerning another arrest.  (*Id.* ¶ 20.)

Plaintiffs acknowledge that the NYPD had a warrant to
search the house in connection with an investigation related to
Mr. Richburg, but allege that this warrant only authorized the
search and seizure of financial records and ledgers.  (*Id.* ¶
21.)  Thus, plaintiffs allege that "the charges against them
were malicious as they committed no crimes, they were arrested
outside of their homes, [and] no drugs or contraband were found
on them that day."  (*Id.* ¶ 22.)  According to the arrest report,
Mr. Richburg was arrested on charges of criminal possession of a
controlled substance in the third degree, criminal sale of a
controlled substance in the third degree, criminal use of drug
paraphernalia in the second degree, and resisting arrest.

6

(Reply at Exhibit ("Ex.") B.)  His arrest number was Q08641072. (*Id.*)

### C.   Disposition of Charges

A criminal complaint for the arrest of Mr. Richburg and two other individuals, dated July 24, 2008, and numbered 2008KNO54966, charged them with committing the following offenses: one count of conspiracy in the fourth degree, four counts of criminal sale of a controlled substance in the third degree, four counts of criminal possession of a controlled substance in the third degree, three counts of criminal possession of a controlled substance in the seventh degree, one count of attempted criminal possession of a controlled substance in the third degree, and three counts of criminal use of drug paraphernalia in the second degree.  (Reply at Ex. D.)  On November 18, 2009, Mr. Richburg was indicted under indictment number 7805/2008 on two counts of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the third degree, two counts of conspiracy in the fourth degree, three counts of criminal possession of a controlled substance in the seventh degree, and two counts of criminal use of drug paraphernalia in the second degree.  (Reply at Ex. E.)

Mr. Richburg pled guilty on January 8, 2010, to attempted criminal sale of a controlled substance in the third

7

degree.  (Reply at Ex. A.)  According to the certificate of disposition, Mr. Richburg's guilty plea resolved the charges from his July 23, 2008 arrest, numbered Q08641072, as well as the charges alleged in criminal court complaint number 2008KNO54966, and the counts included in case number 7805-2008, the number of his indictment.  (*Id.*)

After three days in custody, Ms. Harris was arraigned on July 25, 2008, as a result of her July 23, 2008 arrest. (Mem. at Ex. D; Am. Compl. ¶ 24.)  At the arraignment, the District Attorney moved to dismiss all criminal charges against Ms. Harris.  (Mem. at Ex. D.)[3]

## DISCUSSION

### I.  Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at

---

[3] Mrs. Richburg was incarcerated for approximately five days before making bail, made court appearances over the next two years, and ultimately accepted an adjournment in contemplation of dismissal.  (Am. Compl. ¶ 24.)

556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 678-79.

## II.   Section 1983 Claims

In relevant part, section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation omitted).  To state a claim under section 1983, "a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999).

There is no dispute that Officer Brijbukhan and Sergeant White were acting under color of state law as NYPD

9

employees during the alleged incident.  Instead, defendants claim that plaintiffs fail to state a plausible cause of action as to certain claims that cannot survive a motion to dismiss. These claims will be discussed below.

### III.   Claims Subject to Partial Motion to Dismiss

#### A. Mr. Richburg's False Arrest Claims

The first issue for the court is whether Mr. Richburg's claims of false arrest under section 1983 and New York law should be dismissed because he pled guilty to a charge in connection with his arrest, thereby acknowledging that probable cause existed for his arrest.

#### 1. Legal Standard

A section 1983 claim for false arrest has substantially the same elements as a claim for false arrest under New York law.  *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).  A plaintiff alleging false arrest "must show . . . that the defendant intentionally confined him without his consent and without justification."  *Id.*  "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983."  *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (internal quotation and citation omitted).

10

In addition, the Second Circuit has adopted "the common-law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution . . . that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested." *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986). The Second Circuit has explained that "[w]here the civil rights plaintiff has been convicted of the offense for which he was arrested, we have in effect accepted the fact of that conviction as conclusive evidence of the good faith and reasonableness of the officer's belief in the lawfulness of the arrest." *Id.* at 388; *see also Gordon v. City of New York*, No. 10-cv-5148, 2012 U.S. Dist. LEXIS 44251, at *8-9 (same) (E.D.N.Y. Mar. 29, 2012).

Moreover, "[a] valid prosecution resulting in conviction is conclusive evidence that probable cause existed for an arrest . . . even if the conviction is the result of a guilty plea to a lesser charge than that for which plaintiff was arrested." *Hope v. City of New York*, No. CV-08-5022, 2009 U.S. Dist. LEXIS 123767, at *2 (E.D.N.Y. Jan. 22, 2009) (internal citation omitted); *see also Feurtado v. Gillespie*, No. 04-CV-3405, 2005 U.S. Dist. LEXIS 30310, at *13-14 (E.D.N.Y. Nov. 17, 2005) (an examination of the totality of the circumstances known to the officer at the time of arrest is not required if plaintiff is convicted after trial or pleads guilty to the

11

underlying or a lesser charge); *Sealey v. Fishkin*, No. 96-CV-
6303, 1998 U.S. Dist. LEXIS 20142, at *13 (E.D.N.Y. Dec. 2,
1998) ("A plaintiff suing for false arrest must show that the
police lacked probable cause to arrest him for *any unlawful
conduct*. By pleading guilty to [a lesser charge], plaintiff
necessarily acknowledged that he was engaged in some unlawful
activity for which the police could properly take him into
custody. Thus, as long as that conviction stands, plaintiff
cannot pursue a § 1983 claim for false arrest.") (emphasis
added); *Roundtree v. City of New York*, 778 F. Supp. 614, 619
(E.D.N.Y. 1991) (section 1983 claim for false arrest barred for
plaintiff who had been arrested for possession of cocaine and
pleaded guilty to disorderly conduct); *Keyes v. City of Albany*,
594 F. Supp. 1147, 1152, 1155 (N.D.N.Y. 1984) (guilty plea to
disorderly conduct on assault charge barred plaintiff's false
arrest claim).

### 2. Application

Plaintiffs argue that Mr. Richburg "did not plead
guilty to an offense for which he was arrested on July 23, 2008,
[so] his guilty plea for an offense resulting from a subsequent
grand jury indictment does not establish probable cause for the
July 23, 2008 arrest, and therefore it does not" bar Mr.
Richburg's section 1983 false arrest claim. (Opp. at 4.) The
record shows that plaintiffs are incorrect.

12

Mr. Richburg was arrested on July 23, 2008, on a charge of criminal sale of a controlled substance in the third degree, among other charges. (Reply at Ex. B.) He was subsequently charged with criminal sale of a controlled substance in the third degree, as well as other offenses, in a criminal complaint dated July 24, 2008, (Reply at Ex. D), and indicted on a count for criminal sale of a controlled substance in the third degree, in addition to other counts, on November 18, 2009, (Reply at Ex. E). According to the certificate of disposition, Mr. Richburg pled guilty to one count of attempted criminal sale of a controlled substance in the third degree in satisfaction of the counts in the indictment with case number 7805-2008, and the charges in criminal court complaint 2008KN054966, which originated from arrest number Q08641072 on July 23, 2008. (*See* Reply, Exs. A, B, D, E.) When viewed together, these records clearly show that Mr. Richburg's arrest on July 23, 2008 initiated a criminal prosecution that included the filing of a criminal complaint dated July 24, 2008, an indictment on November 18, 2009, and ended with his guilty plea on January 8, 2010.

Accordingly, because Mr. Richburg pled guilty to a charge to resolve a criminal prosecution that began with his July 23, 2008 arrest, he "necessarily acknowledged that he was engaged in some unlawful activity for which the police could

13

properly take him into custody . . . and cannot pursue" false arrest claims related to that arrest. *Sealey*, 1998 U.S. Dist. LEXIS 20142, at *13. Mr. Richburg's false arrest claims are dismissed with prejudice.

### B. Mr. Richburg's Denial of Access to Courts and First Amendment Retaliation Claims

The second issue for the court is whether Mr. Richburg's denial of access to courts claim and First Amendment retaliation claim should be dismissed.

### 1. Legal Standard

"To succeed on an access-to-court claim, a plaintiff must demonstrate 'actual injury' by proving that the denial of access 'hindered his efforts' to pursue a non-frivolous legal claim." *Whitfield v. Imperatrice*, 477 F. App'x 806, 809 (2d Cir. 2012) (summary order). Additionally, a party "must demonstrate that the alleged deprivation actually interfered with his [or her] access to the courts or prejudiced an existing action." *Cathedral Church of the Intercessor v. Inc. Vill. Of Malverne*, 353 F. Supp. 2d 375, 388 (E.D.N.Y. 2005) (internal quotation and citation omitted) (alteration in original); *Cancel v. City of New York*, No. 07 CV 4670, 2010 U.S. Dist. LEXIS 144938, at *14-15 (E.D.N.Y. Mar. 3, 2010) ("Plaintiff in essence must have 'effectively lost' or been 'severely hampered' in

14

filing a lawsuit.") (quoting *Ponterio v. Kaye*, No. 06 Civ. 6289, 2007 U.S. Dist. LEXIS 4105, at *34 (S.D.N.Y. Jan. 22, 2007)).

To adequately plead a First Amendment retaliation claim under section 1983, "a plaintiff must allege that: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated by or substantially caused by plaintiff's exercise of that right; and (3) the defendant's actions effectively chilled the plaintiff's exercise of his rights." *Whitfield*, 477 F. App'x at 808-809 (citing *Connell v. Signoracci*, 153 F.3d 74, 79 (2d Cir. 1998)). A plaintiff also "must show . . . that his First Amendment rights were 'actually chilled.'" *Bartels v. Inc. Vill. Of Lloyd Harbor*, 751 F. Supp. 2d 387, 401 (E.D.N.Y. 2010) (quoting *Curley v. Vill. Of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001)). "If the plaintiff continues to engage in the protected speech that allegedly motivated unconstitutional retaliation, then [he or she has] failed to establish an actual chilling of [ ] speech." *New England Health Care, Emp. Union, District 1199, SEIU/AFL-CIO v. Rowland*, 221 F. Supp. 2d 297, 343 (D. Conn. 2002); *see also Singer v. Fulton County Sheriff*, 63 F.3d 110, 120 (2d Cir. 1995) (no actual chilling where plaintiff continued to print newspaper criticizing village government).

Certain courts in the Second Circuit have held, however, that a plaintiff "need not show a chilling effect" to

15

prevail on a First Amendment retaliatory prosecution claim if he can "demonstrate that the prosecution was not supported by probable cause." *Bradley v. City of New York*, No. 04 Civ. 8411, 2007 U.S. Dist. LEXIS 7811, at *21-22 (S.D.N.Y. Jan. 25, 2007); *see also Chi Chao Yuan v. Rivera, 48 F. Supp. 2d 335, 351* n.6 (S.D.N.Y. 1999) (stating that a plaintiff need only show actual chilling if alleging a restraint on future speech but not if probable cause for prosecution is in dispute).

### 2. Application

Mr. Richburg alleged that defendants "violated his constitutional rights to seek redress in courts by retaliating against him for filing a previous lawsuit against Defendant Brijbukhan." (Opp. At 7 (citing Am. Compl. ¶ 47).)  Mr. Richburg based this claim on the allegations that he had previously been arrested by Officer Brijbukhan, that he had filed a complaint against Officer Brijbukhan, which was still pending, (Am. Compl. ¶ 20), and that he was subsequently arrested without probable cause in retaliation, in violation of his First Amendment, Fifth Amendment, and Sixth Amendment rights, (Opp. at 7).

Mr. Richburg does not allege any facts to suggest that he somehow lost access to the court system or that he was unable to pursue his complaint against Office Brijbukhan.  To the contrary, Mr. Richburg acknowledges in the Amended Complaint

16

that his complaint against Officer Brijbukhan "is still pending." (Am. Compl. ¶ 20.) Because Mr. Richburg has not pled any facts to show that this claim, or any other claim, was affected by his arrest, he has failed to "demonstrate that the alleged deprivation actually interfered with his [or her] access to the courts or prejudiced an existing action." *Malverne*, 353 F. Supp. 2d at 388 (internal quotation and citation omitted) (alteration in original).

Second, Mr. Richburg has failed to show a violation of his First Amendment rights because he has not alleged any facts that suggest his First Amendment rights were "actually chilled." *Curley*, 268 F.3d at 73 (internal quotation and citation omitted). As explained above, plaintiffs concede that Mr. Richburg's previous complaint against Officer Brijbukhan was still active. Moreover, as pointed out by defendants, since his arrest in this action, Mr. Richburg has filed at least three lawsuits in the Eastern District of New York against City and police officer employees. (Reply at 9.)[4] This demonstrates that Mr. Richburg "continue[d] to engage in the protected speech that allegedly motivated unconstitutional retaliation," *Rowland*, 221 F. Supp. 2d at 343, and thus cannot show an actual chilling of his First Amendment rights.

---

[4] *Cooper v. City of New York*, 11-cv-2554 (E.D.N.Y. filed May 26, 2011); *Richburg v. City of New York*, 11-cv-2556 (E.D.N.Y. filed May 26, 2011); *Richburg v. City of New York*, 12-cv-5590 (E.D.N.Y. filed Nov. 13, 2012).

Finally, plaintiffs assert that Mr. Richburg need not allege that his First Amendment Rights were actually chilled if he shows a lack of probable cause for his prosecution. (Opp. at 8-9.) This argument has no merit. As explained, *supra*, in Discussion section III.A.2, Mr. Richburg pled guilty to a charge for which he was arrested, thereby "acknowledg[ing] that he was engaged in some unlawful activity for which the police could properly take him into custody," and that police had probable cause for his arrest. *Sealey*, 1998 U.S. Dist. LEXIS 20142, at *13.

Therefore, Mr. Richburg's claims that his First Amendment, Fifth Amendment, and Sixth Amendment Rights were violated as a result of retaliatory prosecution are also dismissed with prejudice.

### C. Ms. Harris's Malicious Prosecution Claim

The third issue for the court is whether Ms. Harris's malicious prosecution claim under section 1983 should be dismissed because, according to defendants, she was not subject to a post-arraignment deprivation of liberty that constitutes a Fourth Amendment seizure.

### 1. Legal Standard

A plaintiff alleging a malicious prosecution claim under New York law must show (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of

18

the proceeding in plaintiff's favor; (3) lack of probable cause
for commencing the proceeding; and (4) actual malice as a
motivation for defendant's actions.  *Kinzer v. Jackson*, 316 F.3d
139, 143 (2d Cir. 2003).  Additionally, "[t]o sustain a § 1983
malicious prosecution claim, the state law elements must be met,
and there must also be a showing of a 'sufficient post-
arraignment liberty restraint to implicate the plaintiff's
Fourth Amendment rights.'" *Rutigliano v. City of New York*, 326
F. App'x 5, 8-9 (2d Cir. 2009) (summary order) (quoting *Rohman
v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir.
2000)).

In the Second Circuit, courts have consistently held
that "a single court appearance, as an alleged deprivation of
liberty, is insufficient to support a Section 1983 malicious
prosecution claim." *Porat v. Lincoln Towers Cmty. Ass'n*, No. 04
Civ. 3199, 2005 U.S. Dist. LEXIS 4333, at *7-8 (S.D.N.Y. Mar.
17, 2005); *see also Richardson v. N.Y. City Health & Hosps. Corp.*,
No. 05 Civ. 6278, 2009 U.S. Dist. LEXIS 25247, at *43 (S.D.N.Y.
Mar. 25, 2009) ("The single court appearance was not a Fourth
Amendment 'seizure' caused by the initiation of criminal
proceedings, and . . . cannot support a constitutional claim for
malicious prosecution"); *Wang v. City of New York*, No. 05 Civ.
4679, 2008 U.S. Dist. LEXIS 50278, at *15 (S.D.N.Y. June 26, 2008)
("[a] § 1983 malicious prosecution claim requires more than a

19

'single court appearance' to constitute a deprivation of liberty.")
(citation omitted).

Additionally, while an action for false arrest accrues at
the time of detention, a malicious prosecution claim only commences
at arraignment. *See Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir.
2006) ("A cause of action for false arrest accrues at the time of
detention . . . and damages for that claim cover the time of
detention up until issuance of process or arraignment, but not
more.  From that point on, any damages recoverable must be based on
a malicious prosecution claim.") (internal quotation and citation
omitted); *see also Wallace v. Kato*, 549 U.S. 384, 389-390 (2007)
("Reflective of the fact that false imprisonment consists of
detention without legal process, a false imprisonment ends once the
victim becomes held pursuant to such process--when, for example, he
is bound over by a magistrate or arraigned on charges . . . .
Thereafter, unlawful detention forms part of the damages for the
entirely distinct tort of malicious prosecution, which remedies
detention accompanied, not by absence of legal process, but by
*wrongful institution* of legal process.") (internal quotation and
citation omitted) (emphasis in original).

## 2. Application

In this case, Ms. Harris was arrested on July 23, 2008
and arraigned on July 25, 2008.  (Mem. at Ex. D.)  Plaintiffs
argue that Ms. Harris has sufficiently alleged that she was

deprived of her liberty because she was incarcerated from her arrest until her arraignment.  (Opp. at 6 (citing Am. Compl. ¶ 24).)  Any damages resulting from this detention, however, are the subject of a false arrest claim, *not* a malicious prosecution claim. As the Second Circuit has stated, a claim for false arrest accrues at the time of detention and continues until arraignment, but any damages from the arraignment onward "must be based on a malicious prosecution claim."  *Jaegly*, 439 F.3d at 154 (internal quotation and citation omitted).

All criminal charges against Ms. Harris were dismissed upon motion of the District Attorney's Office at her arraignment.  (Mem. at Ex. D.)  Because Ms. Harris only made a single court appearance, at which the charges against her were dismissed, she cannot sustain a malicious prosecution claim under section 1983 because such a claim "requires more than a 'single court appearance' to constitute a deprivation of liberty." *Wang*, 2008 U.S. Dist. LEXIS 50278, at *15 (internal citation omitted).  Therefore, Ms. Harris's section 1983 claim for malicious prosecution is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, defendants' partial motion to dismiss pursuant to Rule 12(b)(6) is granted.  Plaintiff Kendall Richburg's claims of false arrest under the first, second, and third causes of action are dismissed with prejudice.

Plaintiff Kendall Richburg's denial of access to courts and retaliatory prosecution claims under the tenth cause of action are dismissed with prejudice.  Plaintiff Demecka Harris's malicious prosecution claim under the fourth cause of action is dismissed with prejudice.  As plaintiffs have withdrawn their section 1983 *Monell* claim against City, the ninth cause of action is dismissed.

The parties are ordered to file a joint status report via ECF by October 1, 2013 advising the court how they wish to proceed with this case and whether a settlement conference before Magistrate Judge Vera M. Scanlon would be beneficial.

**SO ORDERED.**

Dated: Brooklyn, New York
September 10, 2013

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York